THE CITY OF NEWARK, PROSECUTOR, v. BOROUGH OF
WEST PATERSON ET AL., RESPONDENTS.

Submitted December 3, 1923—Decided March 19, 1924.

**Taxes—Municipal Property In Another Taxing District—Statutes
Considered and Exemption For Such Property Found.**

On *certiorari*, etc.

Before Justices TRENCHARD and CAMPBELL.

For the prosecutor, *Jerome T. Congleton* and *Joseph G.
Wolber*.

For the borough of West Paterson, *Reuben H. Reiffin*.

For the township of Little Falls, *Gustav A. Hunziker*.

For the borough of Kinnelon, *Howard F. Barrett*.

For the township of Pequannock, *James V. Beam*.

For the borough of Totowa, *Walter R. Hudson*.

For the city of Clifton, *William B. Gourley*.

·For the township of Wayne, *Frederick Beggs* (of counsel
with respondents, *Spaulding Frazer*).

PER CURIAM.

The facts in this case are undisputed, the question being
whether the pipe lines owned by the city of Newark, a tax-
ing district of the state, and used for the transportation of
water for domestic and other uses of the inhabitants of the
city of Newark, but located outside of the territorial limits
of the city of Newark, were subject to taxation by the various

taxing districts in which they were located on October 1st, 1921. It is admitted that this property of the city of Newark was used for public purposes on that date, although not located within the limits of the city of Newark.

The respective assessments for taxation under review were made under the provisions of chapter 236 of the laws of 1918, entitled "An act for the assessment and collection of taxes (Revision of 1918)." Section 202 of that act (page 848) provides as follows:

"Section 202. All property, real and personal, within the jurisdiction of this state, not expressly exempted by this act or excluded from its operation, shall be subject to taxation annually under this act at its true value * * *."

Section 203 of the same act provides as follows:

"Section 203. The following property shall be exempt from taxation under this act, namely * * * : (2) The property of the United States and of the State of New Jersey; property of the respective counties, school districts and taxing district, *when located therein* and used for public purposes * * *."

Although section 203 has been frequently amended, the pertinent language remained unchanged on October 1st, 1921, when the assessments in question were made by the respective respondents.

It is the contention of the prosecutor that these assessments are illegal and void, in that sections 202 and 203 in their application to the property of the prosecutor used for public purposes within the territorial limits of the respondent taxing districts, and to that extent contravene paragraph 12 of section 7 of article 4 of the state constitution, which declares that "property shall be assessed for taxes under general laws and by uniform rules, according to its true value."

The prosecutor relies upon *Essex County Park Commission* v. *West Orange (Court of Errors and Appeals)*, 77 N. J. L. 575. In that case the constitutionality of a supplement to the Tax act of 1903 (*Pamph. L.* 1906, *p.* 273) was under review. This supplement read:

"All lands the property of any county, and all lands the property of any taxing district, which are situated within the limits of any other taxing district, shall be subject to taxation by the taxing district within which such lands are situated at the true value of such lands without regard to any buildings or other improvements on such lands, notwithstanding any exemption provided for in the act to which this is a supplement."

The General Tax act of 1903 (*Pamph. L.* 1903, *p.* 394) declared that—

"The property * * * of the State of New Jersey, and of the respective counties, school districts and taxing districts, when used for public purposes * * * " shall be exempt from taxation. The court there pointed out that the act (of 1906) attempted to classify lands of counties and taxing districts for the purposes of taxation by reference to the *location of such lands,* and held that such classification was in contravention of the constitution. And it was further held that the act, in attempting to classify lands of counties and taxing districts devoted to public use did not include in the class thereby created all the members of such class, and hence was not a general law, and was unconstitutional.

In the course of the opinion it was said (page 578) : "The question therefore arises whether a proper classification has been created by the supplement under review, and, if so, whether into such class have been gathered all its members. * * * Again, a portion only of the property of taxing district is made taxable, depending upon the *accident of its location.* If the property is situated within the taxing district levying the tax it escapes taxation. If its location be without such taxing district it is to be taxed. It is thus sought to form a class for taxation marked by the characteristic of location merely."

Again, on page 580: "Classification, according to the location of the property, is not a classification according to any feature inherent in the property itself, but that reference

entirely to chance of location, a circumstance quite as disconnected with the characteristics of the property itself as is its ownership, which was condemned as a distinguishing mark in *Tippett* v. *McGrath, Collector,* 70 *N. J. L.* 110; *affirmed,* 71 *Id.* 338. If, however, the class thus erected could be approved, yet the law is vicious, because, as already stated, all of the members of such class have not been included, and thus it lacks generality."

It thereby appears clearly that the assessments in the instant case cannot be supported by section 203 of the act of 1918. By the same authority it is equally clear the assessment cannot be supported by section 202, since in so far as it permits the taxation of the property of the prosecutor used for public purposes is not a general law but arbitrary and illusive. It is not uniform, in that it does not act alike and equally upon all such property because of the exemption in section 203, when such property is located within the taxing district.

The difficulty in the instant case is that public property devoted to public use is taxed in part and exempted in part—is taxed if located outside of the taxing district and exempted if located within the taxing district. That is an attempted classification condemned in *Essex County Park Commission* v. *West Orange, supra.*

The several assessment of taxes brought up will be set aside, with costs.